**IN RE: TRANSBRASIL S.A. LINHAS AÉREAS, Debtor in Foreign Proceeding.**

**Case No. 11-19484-AJC**

United States Bankruptcy Court, S.D. Florida.

Signed September 1, 2016

Filed September 2, 2016

Morgan B. Edelboim, Esq., Jeffrey P. Bast, Esq., Bast Amron, Miami, FL, for Debtor Transbrasil S.A. Linhas Aereas.

Annette C. Escobar, Esq., Edward. H. Davis, Jr., Esq., Gregory S. Grossman, Esq., Nyana A. Miller. Esq., Astigarraga Davis, Miami, Florida, for Interested Party Gustavo Enrique Sauer de Aruda Pinto, and Alfredo Luiz Kugelmas

Brian S. Dervishi, Esq., Peter A. Tappert, Esq., Weissman & Dervishi, P.A., Patricia A. Redmond, Esq., Stearns Weaver Miller, Miami, Florida, for Interested Party Cave Creek Holdings, Corp., Cel-Air Incorporated, and Marigrove, Inc.

## ORDER GRANTING TRUSTEES' MOTION FOR PROTECTIVE ORDER

A. Jay Cristol, Judge, United States Bankruptcy Court

THIS CAUSE came on for hearing on July 6, 2016 (the "Hearing"), on the Motion for Protective Order (the "Motion") filed by Gustavo Henrique Sauer de Arruda Pinto and Alfredo Luiz Kugelmas (the "Trustees"), as Trustees of Transbrasil S.A. Linhas Aéreas ("Transbrasil") [DE377] and the Response in Opposition to Trustees' Motion for Protective Order [DE379] filed by the trustee of the Estate of Omar Fontana (the "Fontana Estate"), the majority shareholder of Transbrasil.

The Court has considered the Motion, the Fontana Estate's Response, the record in this matter, and the argument of counsel at the Hearing. For the reasons stated herein, the Motion is GRANTED.

## BACKGROUND

This case is an ancillary proceeding filed in the U.S. Bankruptcy Court for the Southern District of Florida under Chapter 15 of the U.S. Bankruptcy Code for the purpose of rendering assistance to the insolvency proceedings pending in the 19th Civil Court of São Paulo, Brazil (the "Brazilian Proceedings").

The Fontana Estate is the majority shareholder of Transbrasil. The Trustees recently estimated that the Transbrasil Estate's shortfall totals approximately US $292 million. DE129:7, ¶ 4. The Fontana Estate acknowledges that it does not expect there to be any distribution to shareholders after the claims are paid in the Brazilian Proceedings. DE358:27.

The Fontana Estate filed a Motion to Dismiss Case and Unseal Discovery Proceedings, which argued that Transbrasil is not a "debtor" under 11 U.S.C. § 109(a) because it has no property within the United States. DE44:3-4. Cave Creek Holdings, Corp., Cel-Air Incorporated and Marigrove, Inc. (collectively, the "Discovery Targets"), affiliates of Transbrasil [Transcript, pp. 9-11; p. 14, lns. 22-24], filed a similar motion to dismiss the Chapter 15 Case. DE40. On April 25, 2014, the Court deferred ruling on the motion to dismiss and made other rulings not relevant here (the "April 2014 Order"). DE95.

On April 16, 2014, the Trustees proposed to sell certain aircraft parts and components located in the United States [DE83] and Transbrasil objected [DE99]. On June 13, 2014, the Fontana Estate served Notices of Rule 2004 Examination Duces Tecum upon each of the Trustees seeking oral testimony and documents (the "First Rule 2004 Notice"). DE125; DE126. The Trustees moved for a protective order on multiple grounds, including that Transbrasil lacked a pecuniary interest in the case. DE129. This Court ordered that the Fontana Estate could serve written and documentary discovery on the Trustees only in connection with the motion to dismiss (the "First Protective Order").

DE147. Those requests were propounded and responded to. DE358:5.

On March 10, 2016, the Fontana Estate issued and served upon the Trustees three separate Notices of Rule 2004 Examination to take the examination of Top Brasil, Inc., Transbrasil Remittance, and Mr. Anizio de Melo Rocha. DE316, DE317, DE318. The record does not reflect whether the Fontana Estate was successful in serving these examinees or whether such examinations took place. Aside from a reference in the Fontana Estate's Response to "other subpoenas to which the Trustees have not objected," [DE379:4] the record does not contain any additional information or argument regarding the same.

On March 16, 2016, the Fontana Estate served Notice of Rule 2004 Examination *Duces Tecum* (Documents Only) (the "Third Rule 2004 Notice") to the Trustees (in actuality the subpoenaed person was counsel for the Trustees). The Third Rule 2004 Notice requested "any and all documents produced to you by any third-party including but not limited to documents produced pursuant to the Rule 2004 subpoena(s) you issued in this case." DE323.

In response to the Third Rule 2004 Notice, the Trustees filed a Motion for Protective Order [DE327], the Fontana Estate filed a Response [DE339], the Court held a hearing on April 13, 2016 [DE358], and the Court issued its Second Protective Order [DE367]. The Second Protective Order held that the Trustees need not respond to the Third Rule 2004 Notice because (a) in light of the substantial shortfall in Transbrasil's bankruptcy estate, the Fontana Estate lacks a pecuniary interest, such that it is not a "party in interest" within the meaning of Rule 2004; and (b) the discovery sought by the Third Rule 2004 Notice is not relevant to the Fontana Estate's motion to dismiss this Chapter 15 Case.

On March 16, 2016, the Fontana Estate served Notice of Rule 2004 Examination *Duces Tecum* served upon Bank of America, N.A. (the "Bank of America Subpoena"). DE376. Bank of America was one of the parties subpoenaed by the Trustees previously in this Chapter 15 case and the Bank of America Subpoena seeks the same documents which the Trustees requested in that prior subpoena. DE377:1.

## ANALYSIS

■ The Trustees moved for protective order because they asserted that the logic of the Second Protective Order should apply equally to the Bank of America Subpoena. The Trustees argue that the Bank of America Subpoena is issued by the same party lacking standing to participate in or take Rule 2004 discovery in these proceedings and that it seeks the same information sought by the Third Rule 2004 Notice to which this Court already granted protection. DE377:2.

The Fontana Estate asserts that as a "significant shareholder" it has standing "to assert and defend the rights of Transbrasil" under Brazilian Bankruptcy Code Article 36 from Decree-Law 7,661/45 and that this Court has "recognized the Fontana Estate's right to appear and conduct discovery in this Chapter 15 [C]ase." DE379:2. Additionally, it argues that the Second Protective Order "did not bar the Fontana Estate from seeking *any* discovery from *any* source." Id. at 3. The Fontana Estate also argues that the Bank of America Subpoena does not harass the Trustees or impede their investigation. The Fontana Estate argues that allowing it to take discovery will permit it to "disprove the Trustees' un-asserted allegations." Id. at 5.

■ The Court is not persuaded by the arguments of the Fontana Estate. In the

Second Protective Order, this Court adopted the analysis of In re Interpictures, Inc., 86 B.R. 24, 27 (Bankr.E.D.N.Y.1988) and believes that, in the context of Rule 2004, "parties in interest are those persons whose rights or interests are directly and adversely affected pecuniarily." Here, the Fontana Estate, having acknowledged that no distribution to equity is expected in the Brazilian Proceedings, is not a party in interest for purposes of taking a Rule 2004 examination. Moreover, the Fontana Estate's additional arguments fail to persuade the Court that it has a cognizable interest in this matter.

 As previously stated by the Court, U.S. law and U.S. rules govern issues of procedure in the bankruptcy court, so regardless of whether Brazilian law would give the shareholder of a hopelessly insolvent estate the right to take discovery to disprove the suspicions of the Trustees against affiliates of the shareholder is not determinative of whether such shareholder is a party in interest under Rule 2004. Even if the Court were inclined to consider Brazilian law on this point, such law does not appear to be as clear as the Fontana Estate represents. At the Hearing, counsel for the Fontana Estate argued that "our standing is expressly recognized in Brazil." Transcript, p. 15, ln 21-22. However, counsel for the Trustees advised the Court that the Fontana Estate asked the Brazilian judge to order the Trustees to turn over the documents obtained from banks in the U.S. but that request was denied and is currently on appeal. Id. at 8, lns. 10-18.[1] It thus appears that Brazilian law does not provide a bright line rule allowing the Fontana Estate to take the discovery they seek.

 The notion that this Court has "recognized the Fontana Estate's right to appear and conduct discovery in this Chapter 15 [C]ase" [DE379:2] is taken out of context. This Court through the First Protective Order only permitted the Fontana Estate to serve written and documentary discovery on the Trustees pertaining directly to the pending Motion to Dismiss.[2] DE147. The Fontana Estate has not demonstrated the Bank of America Subpoena has any connection to the Motion to Dismiss, and it appears it was issued as an attempt to discover the status of the Trustees' investigation for the benefit of the Discovery Targets. The Court also does not believe the Trustees have waived their right to object to the Bank of America Subpoena. "Waiver is the voluntary, intentional relinquishment of a known right." Glass v. United of Omaha Life Ins. Co., 33 F.3d 1341, 1347 (11th Cir.1994) (citing Pitts by and Through Pitts v. American Security Life Ins. Co., 931 F.2d 351, 357 (5th Cir.1991); Appleman, Insurance Law and Practice § 9251 488–89 (1981)). While the Fontana Estate implies a waiver by the Trustees for not objecting to other subpoenas issued, the record does not support a finding that the Trustees waived any known right with respect to the issuance of future Rule 2004 notices.

The Fontana Estate confirmed that the Bank of America Subpoena was issued as a means of vindicating its "right to conduct its own investigation to disprove the Trus-

---

1. Trustees' submission was confirmed by the certified translation of the decision of the Sao Paulo Court, dated March 28, 2016, which concludes, on the issue of the bank account records requested by the Fontana Estate, "the claimant does not have any interest to act in order to claim

2. The Trustees advised the Court at a hearing on April 13, 2016 that they considered the motion to dismiss to be in the nature of a challenge to the Court's subject matter jurisdiction and thus did not challenge the Fontana Estate's standing in connection with that motion.

244

tees' un-asserted allegations." DE379 at 5. At the Hearing, the Court requested clarification about what interest the Fontana Estate has in a claim of the Trustees against the Discovery Targets, to which counsel for the Fontana Estate replied, "We are not one of the [Discovery Targets], but we are an affiliate of the [Discovery Targets]." Transcript, p. 14, lns 22-24. However, later in the Hearing, counsel stated, "We are also not the [Discovery Targets], and were not an affiliate of the [Discovery Targets], Your Honor." Transcript, p. 27, lns 5-7. The Court declines to recognize the "right" of a shareholder of an insolvent estate to utilize Rule 2004 to take discovery to disprove un-asserted claims against another insider.

Having failed to demonstrate any pecuniary interest in the Transbrasil bankruptcy and having failed to persuade the Court that it has another cognizable interest in taking the proposed Rule 2004 examination, it is

ORDERED that the Motion is GRANTED and Bank of America need not respond to the Bank of America Subpoena. It is further

ORDERED that the Fontana Estate is prohibited from issuing further Rule 2004 examination subpoenas in this Chapter 15 Case without leave of Court.